UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERLIN ENTERTAINMENTS GROUP U.S. HOLDINGS INC. and MADAME TUSSAUDS NEW YORK, LLC,<br><br>Defendants. | Civil Action No. 24-4450<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Wendy Hernandez ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class" defined below), brings this Complaint against Defendants Merlin Entertainments Group U.S. Holdings, Inc. ("Merlin") and Madam Tussauds New York, LLC ("Madame Tussauds") (collectively, "Defendants"). Plaintiff brings these allegations based on personal knowledge as to Plaintiff herself and on information and belief as to all other matters, based upon, *inter alia*, investigation by her undersigned counsel, and alleges as follows.

## NATURE OF THE ACTION

1. During the relevant period,[1] Defendants had a routine practice of improperly misleading everyone who bought tickets to their entertainment attraction, Madame Tussauds New York, through their website, as to what the ultimate price of the ticket would be. When a visitor selected a ticket on the website https://www.madametussauds.com/new-york/, he or she would initially be quoted specific prices per ticket, but later in the process be hit with an additional $4.99 processing fee to be paid at checkout.

---

[1] On information and belief, Defendants engaged in the improper conduct alleged herein from at least August 29, 2022, when the current version of the relevant provisions of New York's Arts and Cultural Affairs Act came into effect, through February 28, 2024 (herein, the "Relevant Period").

2. To protect tourists and New Yorkers alike from exactly this type of scam, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." The site must "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser" and "[s]uch disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). Moreover, "[t]he price of the ticket shall not increase during the purchase process." *Id.* This current iteration of the law became effective on August 29, 2022.

3. Defendants' bait and switch pricing tactic also violates Section 349 of New York's General Business Law.  That section renders unlawful all "[d]eceptive acts or practices in the conduct of any business, trade or commerce."  N.Y. G.B.L. § 349.

4. Plaintiff brings this proposed class action on behalf of all persons who purchased tickets for Defendants' Madam Tussauds through Defendants' website during the Relevant Period.  Plaintiff seeks actual and/or statutory damages and reasonable attorneys' costs and fees under New York Arts and Cultural Affairs Law § 25.33 and GBL § 349.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the proposed class includes more than 100 members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendants.  On information and belief, Defendants sold at least 100,000 tickets to their entertainment attraction, Madame Tussauds New York, through their website during the applicable class period, and is liable for a

minimum of fifty dollars in statutory damages for each ticket sold. There is minimum diversity under 28 U.S.C. § 1332(d) because, on information and belief, Defendants' entertainment attraction is a popular tourist destination in Times Square and many class members who visit Defendants' entertainment attraction come from other states and other countries.

6. This Court has personal jurisdiction over Defendants because they operate an entertainment attraction in the state of New York and sell tickets to visit it through their website.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' entertainment attraction is located in this District, and because Plaintiff purchased tickets to visit Defendants' entertainment attraction in this District.

**PARTIES**

8. Plaintiff Wendy Hernandez is an individual consumer who, at all times material hereto, was a citizen and resident of Suffern, New York. Plaintiff Hernandez purchased three tickets to Defendants' attraction, Madame Tussauds New York, in New York, New York, on November 25, 2023, through Defendants' website, https://www.madametussauds.com/new-york/. The transaction flow process she viewed on Defendants' website was substantially similar to that depicted in Figures 1 through 3 in this complaint.  She and the others for whom she purchased tickets visited Madame Tussauds on November 25, 2023.  Defendants' website did not notify Plaintiff that there would be a processing fee charged when she initially was shown prices and began the purchasing process.

9. Defendant Madame Tussauds is a Delaware corporation with a primary place of business at 234 West 42nd Street, New York, NY, 10036.

10. Defendant Merlin Entertainments Group U.S. Holdings Inc. ("Merlin") is a Delaware corporation with a primary business address at One Legoland Drive, Carlsbad, CA,

3

92008.  Along with Defendant Madame Tussauds, Defendant Merlin owns and operates the Madame Tussauds New York entertainment attraction located in New York, New York.

11. Defendants Madame Tussauds and Merlin are both subsidiaries of U.K. company Merlin Entertainments Group Ltd.

**DEFENDANTS' DECEPTIVE TICKET SALES PROCESS**

12. During the Relevant Period, when a consumer wished to purchase tickets through the main page of Defendants' website, https://www.madametussauds.com/new-york, they could click a "BUY TICKETS" button to select various admission tickets to visit Defendants' entertainment attraction in New York.  For example, as illustrated in Figure 1 below, Defendants' website stated that the least expensive package, "ADMISSION PLUS MARVEL UNIVERSE 4D" was priced at $38.99.[2]



**Figure 1**[3]

---

[2] On information and belief certain times in the Relevant Period, the represented price was $43.99, but regardless of which price was listed on the Website's landing page, by checkout, an additional $4.99 processing fee for the customers' transaction would appear.

[3] Image is December 15, 2023 Screenshot of Website obtained through https://web.archive.org/web/20231215161919/https://www.madametussauds.com/new-york (visited June 7, 2024).

4

13. For visibility, below is an enlarged view of one of the pricing provisions:



**Figure 2**

14. By the time they came to the final checkout page, however, the price for each ticket would no longer be the price initially listed. Instead, a $4.99 processing fee would be added to their transaction.



**Figure 3**

15. This represents a meaningful change from the price initially represented in violation of applicable law.

**NEW YORK ARTS & CULTURAL AFFAIRS LAW**

16. In 2022, the legislature amended the New York Arts & Cultural Affairs Law, requiring ticket sellers to provide buyers with appropriate information throughout the purchasing

5

process. As amended, this law at § 25.07(4) (effective August 29, 2022), requires that "any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id.* And ***"[t]he price of the ticket shall not increase during the purchase process**.*" *Id.* (emphasis added). *Compare* Figures 1 and 3. The statute also provides, that "[d]isclosures of subtotals, fees, charges, and any other component of the total price shall not be false or misleading, and may not be presented more prominently or in the same or larger size as the total price." *Id. Compare* Figures 1 and 3.

17. Shortly after the legislature enacted this provision, websites selling tickets approached the State of New York's Division of Licensing Services with questions about its scope and interpretation. The Division of Licensing Services provided clarification that "the ticket purchasing process begin[s] once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, (available at https://dos.ny.gov/system/files/documents/2023/06/response-letter-redacted.pdf), submitted herewith as Exhibit A, at 1. Its guidance further stated that "[f]rom the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* The guidance elaborated, "[w]hen a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should

continue to be readily available to the purchaser." *Id*. at 2.

## NEW YORK GENERAL BUSINESS LAW SECTION 349

18. NY GBL Section 349 is New York State's consumer protection statute. Its coverage is intentionally broad, GBL § 349, which is "intentionally broad, applying to virtually all economic activity" and permitting recovery by any party injured by reason of a deceptive business practice. The conduct at issue is just the kind of deception this statute was meant to address.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

20. **Class:** Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to Defendants' Madame Tussauds New York entertainment attraction in Manhattan, New York from Defendants' website, https://www.madametussauds.com/new-york/ between August 29, 2022 and February 28, 2024. Excluded from the Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

21. Members of the Class are so numerous and geographically dispersed that individual joinder of all class members is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery from Defendants' records. Class members may be notified of the pendency of this action by mail, email, and/or publication through the records of Defendants.

22. This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitation:

(a) whether, during the relevant period, Defendants failed to disclose the total cost of tickets sold on their website, including all fees that would be charged during the transaction, prior to the tickets being selected for purchase;

(b) whether the displayed price of Defendants' tickets increased during the purchase process;

(c) whether these practices violated New York Arts & Cultural Affairs Law § 25.07(4); and

(d) whether these practices violated GBL § 349.

23. Plaintiff's claims are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants' failure to disclose the total cost of their tickets, including Defendants' processing fees, at the requisite time in the online ticket purchase process.

24. Plaintiff is an adequate representative of the Class she seeks to represent because her interests do not conflict with the interests of the other members that she seeks to represent, and because she has retained competent counsel experienced in prosecuting complex class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

25. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for the other members of the Class to individually seek redress for Defendants'

wrongful conduct. Even if these Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device, as intended by Congress, presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court

## COUNT I
### New York Arts & Cultural Affairs Law § 25.07
### (On Behalf of The Class)

26. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

28. Defendant Madame Tussauds New York, LLC is an "operator… of a place of entertainment" because Defendant operates Madame Tussauds New York, which is a "place of entertainment." Under New York law, "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, <u>entertainment attraction</u>, or other place where performances, concerts, exhibits, athletic games or contests are held for which an entry fee is charged." N.Y. Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

29. Defendants violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in Figures 1 through 3 of this Complaint.

30. Defendants also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the price of their tickets during the purchase process, as depicted in Figures 1 through 3 of this Complaint.

31. Defendants' "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

32. Plaintiff purchased tickets on Defendants' website and was forced to pay Defendants' processing fee, which was not disclosed prior to the time Plaintiff clicked "Buy Tickets" under the price as it was initially listed to her. Plaintiff was harmed by paying this processing fee.

33. On behalf of herself and members of the Class, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees and costs. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## COUNT II
### Violation of New York General Business Law, N.Y. Gen. Bus. Law § 349
### (Individually and on behalf of the Class)

34. Plaintiff incorporates by reference each allegation set forth in the foregoing paragraphs.

35. This Count is brought on behalf of Plaintiff and the Class for violation of New York General Business Law § 349 ("GBL § 349"), which prohibits deceptive acts or practices in the conduct of any business, trade or commerce in New York State.

36. GBL § 349(h) provides that "any person who has been injured by reason of any violation of this section may bring an action … to recover his actual damages or fifty dollars, whichever is greater."

37. GBL § 349(h) further provides that "[t]he court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section," and that "[t]he court may award reasonable attorney's fees to a prevailing plaintiff."

38. Defendants' sale of admission to its entertainment attraction constitutes "business, trade or commerce" under GBL § 349(a).

39. Defendants' conduct violates GBL § 349 because Defendants engaged in the deceptive acts and practices described above, including advertising admission at one price, and adding fees to that amount prior to payment.

40. Defendants' deceptive conduct concerning what customers would pay for admission misled as to facts that a reasonable person would have considered material in deciding whether or not to purchase such tickets (or how much they were willing to pay to purchase) them.

41. Defendants' acts and practices described above were likely to mislead a reasonable consumer acting reasonably under the circumstances, including Plaintiff and members of the Class.

42. Plaintiff and the other Class members justifiably acted or relied to their detriment upon Defendants' misleading conduct and omissions of fact, as evidenced by Plaintiff and the other Class members' purchases of tickets.

43. Defendants' materially misleading statements and deceptive acts and practices were directed at the public at large, including Plaintiff and members of the Class.

44. Defendants' deceptive acts and practices, and misrepresentations and omissions, have deceived Plaintiff, and those same business practices have deceived or are likely to deceive members of the consuming public and the other members of the Class.

45. As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff and the other Class members have suffered ascertainable loss and actual damages.

46. Defendants' actions impact the public interest because Plaintiff and the Class have been injured in exactly the same way as hundreds of thousands of other consumers by Defendants' deceptive acts and practices as described herein.

47. Defendants' violation of GBL § 349 was willful and knowing. Defendants knowingly and willfully initially represented the prices at certain amounts, all the while knowing that they would add $4.99 to the transaction prior to checkout. Defendants, through their willful and knowing deceptive acts and practices, as detailed above, have willfully and knowingly exposed Plaintiff and the Class to consumer harm.

48. As a direct and proximate result of Defendants' conduct in violation of GBL § 349, Plaintiff and the members of the Class have been injured in an amount to be proven at trial, with a statutory minimum of fifty dollars per Class member. Because Defendants' violation was knowing and willful, Plaintiff is entitled to treble damages under GBL § 349(h).

49. Additionally, pursuant to GBL § 349, Plaintiff and the Class seek attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Class, pray for relief as set forth below:

(a) Certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(c) Declaring that Defendants' conduct violates the statutes referenced herein;

(d) Finding in favor of Plaintiff and the Class on all counts asserted herein;

(e) Ordering Defendants to pay actual and statutory damages to Plaintiff and the other Class members, as allowable by law in amounts to be determined by

the Court and/or jury;

(f) Granting pre- and post-judgment interest on all amounts awarded;

(g) Ordering restitution and all other forms of equitable monetary relief available for these claims; and

(h) Awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

Dated: June 10, 2024

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/Matthew M. Guiney*

Benjamin Y. Kaufman
Matthew M. Guiney
Kate McGuire
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-5600
Email: kaufman@whafh.com
         guiney@whafh.com
         mcguire@whafh.com

Don Bivens (*pro hac vice* forthcoming)
Teresita T. Mercado (*pro hac vice* forthcoming)
DON BIVENS, PLLC
Scottsdale Quarter
15169 N. Scottsdale Road
Suite 205
Scottsdale, Arizona 85254
Phone: 602-708-1450
Email: don@donbivens.com
         teresita@donbivens.com

*Attorneys for Plaintiff and the Proposed Class*